20045. SMITH *v.* THE STATE.

Decided November 12, 1929.

*Berry T. Moseley,* for plaintiff in error.
*R. Howard Gordon, solicitor,* contra.

BLOODWORTH, J. We will amplify the first headnote only. The first special ground of the motion for a new trial alleges that the court erred in refusing to allow a witness (Martin) to testify under the following circumstances: After the witnesses were sworn the solicitor-general requested that they be sequestered. This was done. After the witnesses for the State and some of those for the defendant had testified, the attorney for the defendant discoverd that Martin was in the court-room and had not been sworn, and stated to the court that Martin's name had not been given to him with the other witnesses for the defendant, and asked that the witness be then sworn and sent out, to be used later as a witness. To this the solicitor-general objected, and the court refused to allow the witness to testify. This is alleged to have been error. Even should we grant (which we do not) that the court erred in refusing to allow the witness to testify, this was not harmful to the defendant. The record shows that had the witness been allowed to testify he would have sworn that "he lived at Ila, Ga.; that the car was caught, so he was informed, at or near Fort Lamar, Ga., which was about five miles from witness's home; that Willie Murray and Jet Smith, who is a brother to movant, Fred Smith, came to witness's home at Ila, Ga., which is some ten miles from where movant Fred Smith lives, walking, stating that their car had been caught, and asked witness to carry them home, they living at the home of movant; that witness carried them home, going in his car, and when he reached movant's home that he, movant, was at home and his car was gone." Much of this evidence was inadmissible, and that portion which was admissible was of such slight probative value in establishing an alibi that had it gone to the jury it would not have resulted in a verdict different from the one rendered. Indeed, had all this evidence been admitted, it was of such slight probative value it would not have even required a charge on the law of alibi. See *Strick-*

*land* v. *State*, 38 *Ga. App.* 185 (143 S. E. 574) ; *Foy* v. *State*, 26 *Ga. App.* 205 (105 S. E. 657).

*Judgment affirmed.   Broyles, C. J., and Luke, J., concur.*